**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven C. Walker,<br><br>            Plaintiff,<br><br>v.<br><br>Jose Chavarria, et al.,<br><br>           Defendants. | No. CV-15-00619-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 5.) Defendant Jose Chavarria improperly removed the present action and the Court lacks subject-matter jurisdiction over it. Accordingly, the Court will set aside the Clerk of Court's entry of default against Defendant Chavarria and remand this case back to Yuma County Justice Court.[1]

**I.   Background**

On March 20, 2015, Plaintiff filed an action for forcible detainer against Defendants Chavarria and Jasmin Rodriguez in Yuma County Justice Court, pursuant to A.R.S. §§ 12-1171, *et seq*. (Doc. 1-1.) On April 6, 2015, Defendant Chavarria removed the action to this Court, without the consent of Defendant Rodriguez, asserting that this Court has federal question jurisdiction over Plaintiff's Complaint. (Doc. 1.) On April 16, 2015, Plaintiff filed a Motion to Remand this matter back to Yuma County Justice Court,

---

[1] Because Defendant Chavarria has not consented to Magistrate Judge jurisdiction, this Court issues an Order on Plaintiff's pending Motion to Remand. *See* General Order 11-03.

arguing that the removal was improper and this Court does not have subject-matter jurisdiction over this case. (Doc. 5.)  Defendant Chavarria has not responded to Plaintiff's Motion.

On May 15, 2015, District Judge Susan R. Bolton ordered Defendant to appear on June 15, 2015, to show cause for his failure to comply with Rule 3.7(b) of the Local Rules of Civil Procedure. (Doc. 7.)  However, Defendant failed to appear for the show cause hearing. (Doc. 8.)  On June 16, 2015, Judge Bolton ordered Defendant Chavarria to show cause in writing within seven days of the date of the Order why his answer should not be stricken and default should not be entered against him for his failure to comply with the Court's Order. (Doc. 9.)  On June 26, 2015, after Defendant failed to respond to the Court's Order, Judge Bolton directed the Clerk to strike his Answer and enter default against him. (Doc. 10.)  On the same day, the Clerk entered default against Defendant Chavarria. (Doc. 12.)  Since that time, he has not appeared or sought to set aside the default entered against him.

## II. Discussion

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Although Defendant Chavarria asserts in the Notice of Removal that a claim in the present action arises under federal law, a review of the Complaint reveals that it is a straightforward forcible detainer action, otherwise known as an eviction action. (*See* Docs. 1, 1-1.)  Further, although Defendant asserts that Plaintiff's pleading "intentionally fails to allege compliance with the Civil Rights Act of 1968," and Defendant may assert a federal defense if this action proceeds, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*,

553 F.3d 1241, 1244 (9th Cir. 2009) (discussing the "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

Defendant Chavarria does not assert that this Court has diversity jurisdiction over this action. And, even considering whether such jurisdiction exists here under 28 U.S.C. § 1332, the Court finds that the requirements for diversity jurisdiction are not satisfied. In order to invoke the Court's diversity jurisdiction, a defendant must show both that he is not a citizen of the same state as Plaintiff, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). In addition, even where there is diversity between the parties, a federal court may not exercise jurisdiction if the moving defendant is a resident of the forum state. 28 U.S.C. § 1441(b). Here, the Complaint and Notice of Removal do not assert or establish diversity of citizenship between the parties. (Docs. 1, 1-1.). Further, Plaintiff requests monetary relief far below the $75,000 minimum amount in controversy. (Doc. 1-1.) Finally, Defendant Chavarria's address is listed as the property at issue in this action (located in Yuma, Arizona); thus, he appears to be a forum defendant who may not remove a state-court action. *See id.*

In the absence of subject-matter jurisdiction, the Court must set aside the default entered against Defendant Chavarria and remand this matter back to Yuma County Justice Court. *See Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (a district court's judgment is void where the court lacks subject-matter jurisdiction to render the judgment); *Yan v. General Pot, Inc.*, 78 F.Supp.3d 997, 1005 (C.D. Cal. 2015) ("Thus, with no subject-matter jurisdiction over any of Plaintiff's claims, the entry of default against Defendants is void . . ."); 28 U.S.C. § 1447(c) (requiring district courts to remand

cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).[2]

Accordingly,

**IT IS ORDERED** that the Clerk of Court's entry of default against Defendant Chavarria (Doc. 12) is set aside.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court remand this action back to Yuma County Justice Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is denied as moot.

Dated this 2nd day of December, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge

---

[2] Plaintiff also asserts that remand is appropriate because Ms. Rodriguez, the other Defendant named in the Complaint, did not consent to the removal. (Doc. 5.) However, it is not clear to the Court based on the documents submitted whether Ms. Rodriguez was properly served with the Complaint.

- 4 -